## Herner's Estate

*Rothermel & Mauger* and *Martin L. Long*, for appellant.
*P. Herbert Reigner*, for appellee.

MARX, P. J., June 29, 1933.—This is an appeal from the act of the Register of Wills of Berks County in assessing, for inheritance tax purposes, property passing to Nelson Barto Heydt, and levying a collateral inheritance tax of 10 percent on the same. The property upon which the assessment is based came as a distributive share out of the estate of Frank R. Herner, deceased. From the adjudication upon the account of the administrator in that estate and from this record, we find, necessary to the determination of the question here raised, as follows:

Frank R. Herner died intestate, unmarried and without issue, on May 6, 1932. He had had one child, Susie Herner Heydt, wife of Daniel Heydt. She died July 31, 1924, survived by a daughter and by Nelson Barto Heydt, an adopted son. Under our adjudication of April 1, 1933, there was decreed to Nelson Barto Heydt one half of the residue of the estate of said Frank R. Herner, deceased, the other half having been decreed to the natural granddaughter of said decedent. The question now presented is whether this inheritance of Nelson Barto Heydt is subject to payment of direct inheritance tax at 2 percent, or collateral tax at 10 percent.

Section 2 of the Act of May 15, 1925, P. L. 806, amending prior legislation, provides for the imposition of a tax "at the rate of ten per centum upon the clear value of the property subject to such tax passing to or for the use of any . . . person or persons . . .", excepting, inter alia, children, lineal descendants born in lawful wedlock and lawfully adopted children, as to whom the tax shall be at the rate of 2 percent. It is entirely clear that the petitioner is neither a child nor a lineal descendant of Frank R. Herner, deceased, the source of the property. The use of both terms "child" and "lineal descendant", indicates a legislative intent that "child" must be limited to issue of the first generation and "lineal descendant" to issue of a more remote grade. By analogy, we may not define "adopted children" as including anyone except those adopted by the decedent himself.

Reference to the aforesaid adjudication discloses that this petitioner took, not as the adopted child of the decedent, but as the adopted child of the lineal

descendant of the decedent; that he took, not from the adopting parent, but through her, from her natural parent. He took by virtue of the provisions of section 16 (a) of the Intestate Act of 1917, which provides: "Any . . . person adopted according to law, and the adopting parent . . . shall . . . inherit and take, by devolution from and through each other . . . as fully as if . . . born a lawful child of the adopting parent . . ." Subsection (b) provides: "The person adopted shall, for all purposes of inheritance and taking by devolution, be a member of the family of the adopting parent or parents." This statutory provision gives the adopted child the right to inherit as a child, but does not make it a child. It does not alter the child's relationship to the natural parent of the adopting parent. The appellant is neither a child nor a lineal descendant of the decedent, Frank R. Herner. He is not a lawfully adopted child of said decendent, and the law does not seem to have yet exempted or even recognized a grandchild by adoption. The tax-imposing act does not designate him, or his class, an exception, and he is accordingly liable for tax as assessed and levied. The appeal is dismissed at the costs of the appellant.

From Charles K. Derr, Reading, Pa.